LOUISVILLE & NASHVILLE R. R. Co. *v.* M. M. BUSH.

**Appeal—Reversal—Conflicting Evidence.**

The Court of Appeals will not disturb a verdict upon conflicting evidence.

APPEAL FROM HARDIN CIRCUIT COURT.

March 10, 1874.

OPINION BY JUDGE PETERS:

By an act approved December 7, 1869, the railroad companies of this commonwealth are made responsible for full damages to the

owners of horses and other stock killed or injured by the carelessness or negligence of their agents, etc., on their railroads. And it provides that the killing or injuring horses or other stock by the cars along said roads or branches shall be *prima facie* evidence of the negligence and carelessness on the part of such company. This act has been held to be constitutional by this court in several adjudications.

There is serious conflict in the evidence between the engineer of the company on duty when the plaintiff's mule was killed, and the witnesses who visited the place where the mule was found the morning after the killing, as to the precise spot where the accident happened, and how the collision was brought about. If it had occurred as the engineer stated it did, it would, perhaps, have been unavoidable. But if from the tracks of the mule and other marks on the ground, as testified to by the witnesses introduced by appellant, the killing was done as these facts indicate, it might have been avoided. And a jury having passed upon the facts, we are not authorized to interpose.

The two instructions given by the court to the jury are unobjectionable, and are as favorable to appellant as it had a right to have them. Those asked by appellant were properly refused because they were in conflict with the statute herein cited, and for other reasons which we deem unnecessary specifically to point out.

Nor do we discover that the appellant was prejudiced by the court permitting the valuation of the mule made by the commissioners appointed under the statute approved in 1871, 1 Acts 1871, 67, to be read to the jury. That valuation was less than was fixed by a majority of the witnesses examined in the case, and less than the amount fixed by the jury.

Judgment affirmed.

*Wintersmith, for appellant.*

*Brown, for appellee.*